[Civ. No. 2627.  Second Appellate District, Division One.—February 8, 1919.]

FLORENCE ROSS et al., Appellants, v. PACIFIC ELEC-
TRIC RAILWAY COMPANY (a Corporation), Respond-
ent.

Negligence — Action for Damages — Personal Injuries—Crossing Street-car Track—Contributory Negligence—Absence of Ordinary Care—Nonsuit.—In an action for damages for personal injuries received by a passenger while crossing a street-car track after alighting from a car and being struck by another car approaching from the opposite direction, a nonsuit was properly granted, where it appeared that the accident occurred in the daytime on a street with which the injured plaintiff was familiar, and with the conditions of travel thereon, and at a time when there was no congestion of travel, and that if the plaintiff had observed the slightest precaution for her own safety, the accident would not have occurred.

Id.—Question for Jury or Question of Law.—The general rule, as to which there are few exceptions, is that negligence is a question to be determined by the jury, even though there be no conflict as to the facts, if persons of rational minds might reach different conclusions from inferences drawn from the evidence, but where the standard of conduct required of persons under given circumstances is so obvious as to be applicable to all persons under such circumstances that there can be only one conclusion drawn therefrom, a question of law is presented.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge, Presiding. Affirmed.

The facts are stated in the opinion of the court.

J. W. Hocker, Eugene E. Morris and Robert E. Austin for Appellants.

Frank Karr, W. R. Millar, R. C. Gortner and A. W. Ashburn for Respondent.

SHAW, J.—Action by husband and wife to recover damages sustained by the wife for personal injuries alleged to have been caused by defendant's negligent operation of an electric street-car.

Plaintiffs appeal from a judgment in favor of defendant, entered upon an order of court granting the latter's motion for a nonsuit made at the close of plaintiffs' evidence.

Defendant was the owner of a double-track electric railway line which crossed North Avenue 59 on a street in Los Angeles known as Pasadena Avenue, and over which latter street it operated cars for the transportation of passengers. At the time of the accident in which plaintiff sustained the injuries complained of she, in the daytime, as a passenger on one of defendant's out-bound cars, operated easterly over the southerly track, was returning from the city of Los Angeles to her home on Avenue 59. When the car on which she was traveling reached Avenue 58 she indicated her desire to get off at Avenue 59, at which point defendant's cars operated in either direction were stopped only upon signals given by passengers that they wished to get on or off its cars at such place. The car was accordingly stopped at the usual stopping place for passengers getting off at said point, and plaintiff alighted on the southerly side of the southerly track, upon which the car was being operated, and walked slowly around the rear of the car, sufficiently near the same to touch it with her hand, intending to cross the northerly or opposite track, which it was necessary to do in order to reach her home north of Pasadena Avenue on Avenue 59. When she reached a point in the space separating the two tracks, a car traveling westerly on the northerly track passed, the projecting step of which struck her, knocking her down and causing the injuries which are made the subject of the action. The evidence tends to show that in passing the car from which plaintiff alighted, the west-bound car on the northerly track gave no warning of its approach or proximity. That its failure so to do constituted negligence on the part of the defendant, is conceded.

The order granting defendant's motion for nonsuit was based upon the conclusion of the court that the evidence conclusively established the fact that plaintiff was guilty of contributory negligence which was the direct and proximate cause of the injury received by her. The space between the inner lines of defendant's car tracks was six feet and seven inches, and the overhang of the cars when passing each other reduced this space to three feet and seven inches; that is, overhang of each car was eighteen inches. It thus appears that after plaintiff had reached a point corresponding with

the edge of the overhang of the car from which she had alighted there was a space of at least forty-three inches between that and the steps of the passing car, which constituted a zone of safety from which, as appears from the evidence, she had an unobstructed view for a distance of several hundred feet easterly, and from which point the slightest look or glance by her would have disclosed the proximity of the moving car which was such that rendered it impossible to step forward without colliding therewith; and yet she, with full knowledge that the cars were accustomed to pass each other in the manner shown (save that it was the duty of the motorman to ring the bell when passing), left the zone of safety occupied by her and stepped so near the car then passing immediately in front of her that she was struck by the projecting step. The accident occurred in the daytime. She was familiar with the tracks and conditions of traffic thereon, and there was no congestion of travel upon the street; indeed, so far as shown, she was the only person on that part of the thoroughfare, and hence was not, as in the case of *Hammond* v. *Pacific Electric Ry. Co.,* 32 Cal. App. 756, [164 Pac. 50], misled or induced by the acts of others, in crossing in front of the car from which she had made her exit, to hazard a like undertaking in the rear thereof at night. It is obvious from her testimony that had she observed the slightest precaution for her own safety the accident would not have occurred. (*Brown* v. *Pacific Electric Ry. Co.,* 167 Cal. 199, [138 Pac. 1005].) The case presented is not that of a person who undertakes to cross a railway track in front of an approaching car and, owing to an error of judgment as to its distance or speed mistakes his ability to do so, sustains an injury from a collision therewith, in which case the question as to whether or not he is negligent is one for the jury, as in the case of *Scott* v. *San Bernardino Valley etc. Co.,* 152 Cal. 604, [93 Pac. 677]; but the facts presented are similar to those involved in the case of *Brown* v. *Pacific Electric Ry. Co., supra.* We concede the general rule invoked by appellants, and as to which there are few exceptions, that the question of negligence is one to be determined by the jury, taking into consideration all the circumstances of the case, and this rule prevails even though there be no conflict as to the facts, if persons of rational minds might, from inferences drawn from the evidence, reach different conclusions thereon. Where, however,

as said in *Hamlin* v. *Pacific Electric Ry. Co.*, 150 Cal. 776, [89 Pac. 1109], "the standard of conduct required of persons under given circumstances is so obvious as to be applicable to all persons under such circumstances" that there can be but one rational conclusion drawn therefrom, a question of law is presented. Many of the authorities cited by appellants, not only from this but other states, involve questions as to what constituted negligence on the part of the defendants therein, a fact which is conceded to have been affirmatively established in the instant case. Our attention, however, is directed to no case, either in this or other jurisdictions, which sustains the right of a plaintiff to recover for the negligence of a defendant where it is made to appear that the plaintiff neglected to use reasonable or ordinary care for his own safety, the exercise of which would have prevented the injury. As disclosed by the record, it affirmatively and conclusively appears that plaintiff's injury was due to the absence of ordinary care and the want of the exercise of the slightest precaution for her own safety, except for which the accident would not have occurred.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.