[L. A. No. 15218.   In Bank.—December 19, 1935.]

## MABEL M. CADWELL, Respondent, v. MARVIN D. AN-SCHUTZ, Appellant.

Walter S. Coen, Donald E. Ruppe and Horace W. Danforth for Appellant.

Flint & MacKay, Wesley L. Nutten, Jr., and Donald W. Hamblin for Respondent.

LANGDON, J.—This is an action for damages for personal injuries.   Defendant was driving his car at a speed of about thirty miles per hour on a public highway north from San Juan Capistrano.   The road was concrete, about twenty feet wide, and defendant's car, just prior to the accident, was partly on the concrete, and partly on the adjoining dirt shoulder.   Plaintiff was driving closely behind, at a slightly greater speed, and without signaling in any way swung out into the center of the road to overtake and pass defendant's car.   As she did so she saw another car coming from the opposite direction, and attempted to turn back into the line of traffic.   At the same time defendant without signaling turned his car slightly to the left to get off the dirt shoulder of the road and wholly onto the concrete.   The right front

wheel of plaintiff's car, turning back into a position behind defendant, struck his left rear wheel, and plaintiff sustained the injuries of which she complains. The jury brought in a verdict for plaintiff, from which defendant appealed.

There is some dispute as to whether defendant was negligent in making the slight deviation of course necessary to bring his car onto the concrete portion of the highway, without signaling as for a turn, or looking to see that the movement might be made in safety. (See Vehicle Act, sec. 130.) We are satisfied, however, that the jury might properly conclude from the circumstances shown that this act was negligent. (See *Connerly* v. *Correia*, 66 Cal. App. 570 [226 Pac. 841].)

It is also quite clear that plaintiff was negligent in seeking to pass in front of defendant's car without sounding her horn. (Vehicle Act, sec. 125 (d).)

The only basis upon which it is sought to justify the jury's verdict is found in the contention that the negligence of defendant was the sole proximate cause of the collision, and that plaintiff's negligence did not proximately contribute thereto. A great deal of quotation from the evidence accompanies the discussion of this point in the briefs, but the obvious and admitted facts seem destructive of plaintiff's position. It is reasonably probable that if plaintiff had sounded her horn before attempting to pass defendant's car, he would have delayed his change of course or have taken appropriate precautions. This being so, it seems clear that plaintiff's negligent act was a contributing factor to the injury, and we have been given no theory upon which it might be said that it was not casually connected therewith. It follows that the jury could not properly bring in a verdict in favor of plaintiff.

The judgment is reversed.

Conrey, J., Curtis, J., Thompson, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.