[Civ. No. 1764. Fourth Appellate District.—March 23, 1937.]

BENJAMIN SHARICK, Appellant, v. MOLLIE GALLOWAY et al., Respondents.

Clifton Hildebrand, John Corgiat, Jr., and Philander B. Beadle for Appellant.

W. C. Machetanz and McFadzean & Crowe for Respondents.

BARNARD, P. J.—This is an action for damages for injuries sustained by the plaintiff when he was struck by an automobile driven by one of the defendants. So far as material here, the sixth amended complaint alleges that a county road 40 feet in width, with the center portion paved to a width of 16 feet, runs through the town of Farmersville, in a north and south direction; that a described portion of this road is inside the residence district of said town, within the meaning of subdivision (b) of section 28½ of the California Vehicle Act; that on November 10, 1933, after dark, the plaintiff was walking along this road in a southerly direction inside of said residence district; that he was walking parallel with, but about six feet to the west of the paved and traveled portion of said highway; and that while he was so walking the defendant Boon so negligently operated an automobile, which he was driving in a southerly direction on the paved portion of this road, "as to cause said automobile to run off of the paved and usually traveled portion of said highway and to run into and collide with plaintiff and plaintiff was hurled through the air seventy-five feet by the impact of said automobile with his body". The court sustained demurrers to this complaint without leave to amend, and this appeal followed the judgment.

It is conceded that the demurrers were sustained on the theory that it appears from the face of the complaint that the appellant was guilty of contributory negligence as a matter of law, in that he was walking along his right-hand side of a highway outside of a business or residence district in violation of section 150½ of the California Vehicle Act. We will refer to this act as it read at the time of the accident.

The respondents contend that it appears from the complaint that the accident in question was outside of a business or residence district since it is not alleged that the area in question was signposted in accordance with section 116 of the act, and since section 28½ (c) of the act provides that a public highway shall be conclusively presumed to be outside of a business or residence district unless it is signposted as re-

quired by the act. While it is conceded that the portion of the road involved was not signposted, it is contended by the appellant that it is and was within a residence district and it is so alleged in the complaint. The appellant argues that the presumption raised by section 28½ of the act does not apply since under section 116 the local authorities are required to signpost main through highways only, that they may or may not signpost other highways at their discretion, and that it does not appear from the complaint that this was a main through highway. The question thus raised need not be decided and we will assume, for the purposes of this opinion, that this accident occurred outside of a business or residence district.

Under this assumption the question remains whether it may be said, as a matter of law, that the complaint fails to state a cause of action because it discloses a violation of section 150½ on the part of the appellant in that he was walking on his right side of the road in a district where that section applies. In other words, the question is whether the act of negligence thus disclosed must be held to have been a proximate cause of the accident.

The respondents argue that this necessarily follows since the appellant would not have been at the place where he was struck if he had been walking on the other side of the road, in compliance with the statute. In almost any case it might be said that the party would not have been injured if he had not been at the place involved, and that fact alone is not controlling. The respondents rely on *Hopkins* v. *Galland Mercantile L. Co.*, 218 Cal. 130 [21 Pac. (2d) 553]. In that case the injured party, who was in a place where he had no right to be and where he could not be seen by the truck driver, was struck by a truck which was being backed. The situation with which we are now concerned is not only essentially different, but is one in which the question of proximate cause depends upon the evidence which might be produced. In at least two cases in this state a similar question has been held to have been one of fact. (*Gayton* v. *Pacific Fruit Express Co.*, 127 Cal. App. 50 [15 Pac. (2d) 217]; *Scalf* v. *Eicher*, 11 Cal. App. (2d) 44 [53 Pac. (2d) 368].) In the first of these cases, in referring to section 150½, this court said:

"It cannot be doubted that the violation of the provisions of this section by a pedestrian constitutes negligence *per se*

on his part. Whether or not such negligence contributed to his injury is a question of fact to be decided by the jury, in the ordinary accident case, under numerous recent decisions in California.''

In the other case, the court said:

''In walking upon the right shoulder of the highway decedent violated the law. This violation was negligence *per se*. Unless the violation of the law proximately contributed to the death of decedent it would be immaterial. Whether or not the violation of the law proximately contributed to the death was a question of fact for the jury to determine. . . . ''

''Young Scalf was not available as a witness. Plaintiff therefore was entitled to rely upon the presumption that the decedent had taken ordinary care of his own concerns. (Code Civ. Proc., sec. 1963, subd. 4; *Smellie* v. *Southern Pac. Co.*, 212 Cal. 540–561 [299 Pac. 529].) Defendants sought to overcome and dispel this presumption by evidence that decedent had violated section 150½ of the California Vehicle Act. The mere violation of the provisions of the act would not be sufficient to controvert and overcome the presumption, but there must be evidence to the effect that the act or omission constituting the violation proximately contributed to the accident. The violation of a statute or ordinance which proximately contributes to the injuries is presumptively an act of negligence unless the act or omission was justifiable or excusable under the circumstances. (*More* v. *Favilla*, 186 Cal. 199–207 [199 Pac. 17] ; Shearman & Redfield on Negligence, 6th ed., sec. 467.) Whether or not a violation of a statute or ordinance proximately contributed to an accident and whether the violation was excusable or justifiable are questions of fact except in a case where ' . . . the court is impelled to say that from the facts reasonable men can draw but one inference and that an inference pointing unerringly to the negligence of the plaintiff contributing to his injury.' ''

The appellant had a right to be where he was under some circumstances as, for instance, if he had been walking in the other direction. While he might have been in a better position to avoid being struck if he had been facing the approaching automobile, even this might depend upon facts developed by the evidence. The accident would not have occurred if the automobile had remained on the pavement or within a few feet thereof. It is alleged that the appellant was struck while he was walking about six feet to his right of the paved

and traveled portion of the highway, and that he was hurled through the air by the impact for a distance of seventy-five feet. These facts, and many others which might be developed from the evidence, have and might have so important a bearing upon the conduct of both parties that it cannot be said from the allegations of the complaint alone that the only inference which might reasonably be drawn is that the negligence of the appellant contributed to his injury.

We conclude that the court erred in holding, as a matter of law, that the negligence of the appellant, as disclosed by the complaint, was a proximate cause of his injury.

Both of the judgments appealed from are reversed.

Marks, J., and Jennings, J, concurred.