[Civ. No. 11332.  Second Appellate District, Division Two.—April 15, 1937.]

MARION LEEK, Respondent, v. THE WESTERN UNION TELEGRAPH COMPANY (a Corporation), Appellant.

Edwin Camack, F. A. Waters and Francis R. Stark for Appellant.

Harry B. Ellison for Respondent.

McCOMB, J.—This appeal is from a judgment in favor of plaintiff after trial before a jury. There is also a purported appeal from the order denying defendant's motion for a new trial.

Viewing the evidence most favorable to plaintiff, the facts in the instant case are:

On May 21, 1936, the traffic at the intersection of Fourth Street and Pine Avenue in the city of Long Beach, California, was controlled by semaphores erected on each corner thereof, which operated in the following manner: Each semaphore consisted of arms appearing and disappearing, on which the words "stop" and "go" were painted respectively. Each change of the semaphore was accompanied by one ring of the bell. A "go" sign and a bell would open traffic on one street for twenty-two seconds. Then a bell would sound (called the first bell) and there was a change of a "go" sign to a "stop" sign. All traffic coming into the intersection was then stopped and remained closed for six seconds. Then a bell sounded (known as the second bell) and the change of a "stop" sign to a "go" sign would open traffic on the other street for twenty-two seconds.

At about 5:30 on the above date, plaintiff arrived at the southwest corner of the intersection. The traffic being open on Pine Avenue and closed for Fourth Street, plaintiff stopped and stood on the sidewalk. Immediately after the first bell rang and the signal changed from "go" to "stop" with respect to the north and south traffic on Pine Avenue and before the second bell rang, accompanied by a signal change opening traffic on Fourth Street, plaintiff left the sidewalk and started east across Pine Avenue in a pedestrian zone.

About this same time defendant's messenger boy was riding a bicycle north on Pine Avenue on the easterly side thereof. Simultaneously Don Gates left the southeast corner of the intersection. In so doing he collided with the messenger boy, causing the latter to lose control of his bicycle and

deflecting its course so that he struck plaintiff, knocking her down and causing personal injuries.

This is the sole question presented for determination:

*Was plaintiff guilty of contributory negligence, as a matter of law, in stepping off of the curb into the street after the first bell had rung and before the second bell had sounded, indicating that traffic was open on Fourth Street?*

This question must be answered in the affirmative. ■ The law is settled that (1) the violation of a statute or ordinance constitutes negligence *per se,* and (2) it constitutes contributory negligence if the failure to comply with the statute or ordinance contributes directly to the injury. (*Hurtel* v. *Albert Cohn, Inc.,* 5 Cal. (2d) 145, 147 [52 Pac. (2d) 922].) In the present case at the time of the accident, section 563a of the California Vehicle Code read:

"At intersections where traffic is controlled by a traffic control signal device or by police officers, pedestrians shall not cross the roadway against a red or stop signal,"

and an ordinance of the city of Long Beach provided:

"PEDESTRIANS. Pedestrians to obey signals at intersections where traffic is directed by a stop and go signal. It shall be unlawful for any pedestrian to cross the roadway other than with released traffic."

■ As plaintiff violated both of the foregoing provisions by attempting to cross Pine Avenue against the stop signal after the first bell had rung and before the sounding of the second bell, indicating that traffic was released on Fourth Street, she was guilty of negligence *per se;* and, since the accident would not have occurred, had plaintiff remained on the sidewalk in obedience to the requirements of the California Vehicle Code and city ordinance of Long Beach, her negligence was one of the proximate causes of the accident, and, therefore, she cannot recover for her injuries. (*Steinberger* v. *California Elec. etc. Co.,* 176 Cal. 386, 394 [168 Pac. 570] ; sec. 1714, Civ. Code.)

A strict compliance with the requirements of the California Vehicle Code and all traffic regulations is absolutely incumbent upon every citizen of this community, both pedestrian and motorist. The alarming increase in deaths resulting daily from the violation of traffic ordinances has become a matter of public concern demanding the conscious effort of every individual to prevent accidents.

No appeal lies from an order denying a new trial (*Luse v. Peters*, 219 Cal. 625, 627 [28 Pac. (2d) 357]; 1 Cal. Jur. Ten-year Supp. 296), and the purported appeal therefrom is dismissed.

The judgment is reversed.

Crail, P. J., and Wood, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 14, 1937. Curtis, J., and Edmonds, J., voted for a hearing.