[Civ. No. 11268.   Second Appellate District, Division Two.—April 15, 1937.]

ALBERTA KIBLER, Respondent, v. MRS. JOHN STONE et al., Appellants.

Nourse, Betts & Jones for Appellants.

Joseph L. Fainer for Respondent.

McCOMB, J.—Defendants appeal from a judgment in favor of plaintiff after trial before a jury. Viewing the evidence most favorable to plaintiff the facts are:

December 31, 1935, defendant Philip Abron was driving an automobile owned by defendant Mrs. John Stone easterly on Santa Monica Boulevard at a speed of twenty-five or thirty miles an hour. As he approached the intersection of Santa Monica Boulevard and Rexford Drive he passed a car being driven by plaintiff, cut in front of it, and stopped. The reason for the sudden stop was because the traffic signal at the intersection changed from green to "caution". Plaintiff saw the car being operated by defendant Abron stop, and noted that the traffic signal had changed from green to "caution", at which time she was about six feet to the rear of his car. She applied her brakes but was unable to stop before hitting the rear of defendants' car, as a result of which plaintiff received personal injuries.

This is the sole question presented for determination:

*From the foregoing facts was the plaintiff as a matter of law guilty of negligence, which proximately contributed to the happening of the accident?*

This question must be answered in the negative. The law is settled that contributory negligence is a question of law only when the court is impelled to say that from the facts reasonable men can draw but one inference and that an inference pointing unerringly to the negligence of the plaintiff contributing to his injury. (*Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335, 343 [208 Pac. 125].) The verdict of a jury, if there be any substantial evidence to support the findings of fact upon which it is necessarily predicated, will

not be disturbed on appeal. (*Morris* v. *Standard Oil Co.*, 188 Cal. 468, 471 [205 Pac. 1073].) In the instant case plaintiff testified that, while she was driving in an easterly direction on Santa Monica Boulevard at a speed of from 25 to 30 miles an hour, defendant Stone's car cut right in front of her and stopped. This evidence, when considered with the other evidence disclosed by the record, clearly left a question of fact from which reasonable men might draw different inferences. Therefore, under the rules above stated the jury's finding of facts is conclusive upon this court, and we cannot say that plaintiff was guilty of contributory negligence as a matter of law.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 14, 1937.