[Civ. No. 11985. Second Appellate District, Division Two.—November 29, 1938.]

TERESA RIVERA et al., Respondents, v. A. C. HASEN-JAEGER, Appellant.

Joe Crider, Jr., and Elber H. Tilson for Appellant.

Mott, Vallee & Grant and Kenneth E. Grant for Respondents.

CRAIL, P. J.—These are appeals from two judgments, one in favor of Teresa Rivera and one in favor of Lupe Salas, for injuries arising out of an automobile collision. ██ The contention of the defendant is that the plaintiffs' decedent was guilty of contributory negligence as a matter of law for the reason that he violated section 582 of the California Vehicle Code, which reads as follows: "Upon any highway out-

side of a business or residence district no person shall stop, park or leave standing any vehicle, whether attended or un-attended, upon the paved or improved or main traveled portion of the highway when it is practicable to stop, park or so leave such vehicle off such part or portion of said highway." It is our duty to view the evidence in the light most favorable to the plaintiffs, and to see if there is any substantial evidence which would take the case to the jury on the question of contributory negligence.

At 3 o'clock A. M. the plaintiffs' decedent was driving in his car a party of friends along Firestone Boulevard in a sedan. Following the sedan Lupe Salas was riding in a roadster which also belonged to the decedent. Firestone Boulevard was a paved highway, the pavement being thirty feet in width and marked off into three travel lanes, each ten feet wide. The party was proceeding eastward. Extensive repair work was in progress on Firestone Boulevard, the work consisting in building oiled shoulders on each side of the paved highway so as to widen the road. Shoulder material, in the nature of oiled gravel, was piled in long windrows along the sides of the highway. Flares were burning along the highway to warn traffic to keep off the shoulders, and wooden cross-arms were placed at intervals along the pile of shoulder material. Where the accident occurred the material was piled some two to two and one-half feet south of the pavement. The shoulder material had been placed in a continuing pile along the south side of the pavement preparatory to being rolled to make the shoulder on the south side of the road flush with the pavement. This shoulder work was in progress from the scene of the accident clear into Buena Park and for a considerable distance back along the course which the party had followed. At the immediate scene of the accident the shoulder work had been completed on the north side of the road. The right rear tire of the sedan which the decedent was driving went flat. He immediately signaled to the roadster which was following, explained his predicament, and then drove his sedan as far off the southerly side of the paved highway as was possible without driving into the windrow. The driver of the roadster did the same thing, driving it to a position some distance in the rear of the Plymouth so as to permit its headlights to play upon the rear of the sedan while the decedent was proceeding

with the necessary repairs. Both the sedan and the roadster were driven right up along the row of oiled shoulder, leaving only the left wheels upon the paved highway. Both cars were taken as far off the paved highway as the windrows would permit. The two cars were parked some three hundred feet east of Coyote Creek bridge. From that bridge one has a clear and uninterrupted view of the highway practically into Buena Park. The defendant was driving in the same direction in a Pontiac car. As he came to the bridge he was traveling between forty-five and fifty miles an hour. At this point he saw the cars ahead of him, but paid no particular attention to them. When he had crossed the bridge he observed the cars again and was of the opinion that one car was towing the other slowly along the road. He drove his Pontiac into the right rear of the parked roadster, which was propelled with terrific force forward against the rear of the parked sedan. The decedent was caught between the two cars and killed. The headlights and tail-lights on both Plymouth cars were burning at the time of the accident. With the cars parked as they were, at least twenty-seven and one-half feet of paved highway was left clear for passing traffic and the new shoulder beyond that.

The case of *Hilbert* v. *Olney,* 17 Cal. App. (2d) 135 [61 Pac. (2d) 941], was a case substantially on all-fours with the instant case except that there was no windrow in that case. If anything, the instant case is factually more strong against the defendant. In that case, among other things, the court said, ''Appellants contend that Hilbert was guilty of contributory negligence as a matter of law in parking his roadster partly on the main traveled road in the rear of the International truck, in violation of this statute, claiming that it was not impracticable for him to have placed the Chrysler altogether off the main traveled portion of the highway. Whether or not this was so would seem to have been a question of fact to be decided by the jury. . . . ' . . . the principle that a violation of the statute is negligence *per se* being subject to the limitation that the act or omission must proximately cause or contribute to the injury (citing cases), and when the evidence is conflicting or any reasonable man might differ as to the inferences which ought to be drawn from the evidence this question is one for the jury. (*Smith* v. *Occidental etc. Steamship Co.,* 99 Cal. 462 [34 Pac. 84].) '

. . . In fact this jury may have believed that instead of being a proximate cause of the accident, the placing of the Chrysler where it was should have been a means for preventing it. . . . ' . . . In view of the excessive speed of the defendant and the other circumstances shown, the court might reasonably have concluded that the sole proximate cause of the collision was defendant's negligence, and had plaintiff been traveling at the speed allowed by law the collision would nevertheless have occurred and that he would not have escaped injury.  Under all the circumstances the question was one for the trial court (citing cases) and we cannot say that its finding is unsupported.' ''

The evidence in the instant case shows the pains the decedent took to remove both cars from the paved highway as far as circumstances permitted and his care in keeping all lights on the cars burning.  The contention of the defendant is that the decedent should have swung his cars across the highway to the north shoulder and parked them there, which would be on the wrong side of the highway, or that he should have driven the cars through the shoulder material so as to remove them completely from the pavement.  In our view the question whether it was practicable to stop, park or so leave such vehicles off such part or portion of the highway, under all the facts and circumstances in evidence, was a question which was properly submitted to the jury.  The decedent was not guilty of contributory negligence as a matter of law.

Judgments affirmed.

Wood, J., and McComb, J., concurred.