[L. A. No. 17257. In Bank.—October 5, 1939.].

CHARLES H. CONNARD, Appellant, v. PACIFIC ELEC-
TRIC RAILWAY COMPANY (a Corporation) et al.,
Respondents.

Laurence B. Martin and Curtis G. Bird for Appellant.

Frank Karr, E. E. Morris, C. W. Cornell and O. O. Collins for Respondents.

SHENK, J.—This action was brought to recover damages for personal injuries received by the plaintiff while preparing to alight from a street car. Judgment was entered for the defendants on a directed verdict. Plaintiff has appealed. He contends that the trial court erred in taking the case from the jury.

The basis for the directed verdict was the court's conclusion that plaintiff had violated ordinance No. 77,000 of the city of Los Angeles; that such violation was negligence *per se*; that it contributed directly to the injury; and that it therefore constituted contributory negligence as a matter of law. (*Reeves* v. *Lapinta*, 25 Cal. App. (2d) 680 [78 Pac. (2d) 465], and cases there cited.)

If the evidence had conclusively established a violation of the ordinance by the plaintiff, the above reasoning would have justified the entry of the judgment appealed from. The evidence bearing on the point, however, was in conflict; it raised a substantial issue of fact, which should have been submitted to the jury.

The pertinent sections of the ordinance read: Section 80.46. "No person shall board or alight from any street car or vehicle while such street car or vehicle is in motion." Section 80.47. "No person shall ride upon the fender, steps, or running board of any street car or vehicle." The evidence leaves no doubt that the plaintiff, when injured, was *using* the steps of the street car preparatory to alighting therefrom, and that the street car had not quite come to a complete stop. It leaves considerable doubt, however, as to whether the plaintiff was *riding* on the steps within the meaning of that term as used in the ordinance, and as to whether he attempted to alight when the car was still in motion. These were questions of fact for the jury, and it was erroneous for the trial court to direct a verdict. (*Estate of Lances*, 216 Cal. 397 [14 Pac. (2d) 768]; *Gish* v. *Los Angeles Railway*, 13 Cal. (2d) 570 [90 Pac. (2d) 792], and cases there cited.)

The accident occurred on February 25, 1937, about 7 P. M., when the plaintiff was returning in his customary manner by interurban street car from his place of employment to his home near Barham Way station. He testified that after the car left Holly Crest station, and as it was approaching the next stop, Barham Way, he got up from his seat in the middle of the car, and started toward the rear, passing the conductor in the aisle. The conductor asked him if he wanted to get off at Barham Way. He replied that he did, whereupon the conductor reached up and pulled the signal cord. He then heard the usual "toots" with which the motorman responded to a stop signal. He proceeded rearward, and the car began to slow down. It had slowed to two or three miles an hour when he reached the back, and was continuing to decrease speed. It had already entered the area of the long dirt station platform at Barham Way. He recognized this from the click of the car wheels going over a switch located between the end of the platform and a waiting bench. Believing that the car would come to a full stop, he started down the steps. There were three, including the car platform. As he reached the second, or middle step, while at the same time grasping the hand rod or stanchion, the car approached a standstill. It did not come to a full stop, however, but suddenly gave a jerk, or lurch, followed by a rapid forward movement. This unexpected occurrence threw plaintiff off the steps, broke his handhold, and cast him onto the station platform. The injuries which he sustained were most severe. The car continued on until, in response to an emergency signal given by the conductor, it was finally halted at a point across the street intersection beyond the station.

■ Plaintiff contends that because, according to his evidence, his course of conduct preparatory to getting off of the car at the station was one of continuous movement and progress toward that end, it could not be said as a matter of law to constitute unlawful *riding* on the car steps in violation of the ordinance. This contention must be sustained. It is obvious that one cannot get off a street car without descending the steps, and customarily passengers are justified in preparing to alight as the car starts to slow down in response to the signal of the conductor at a regular stopping point. There is a clear distinction between the conduct of one who over a period of time deliberately stands or "rides" on the steps of

a moving car, and the conduct of one who merely undertakes, after the signal to stop has been given, to use the steps in the course of a continuous route from car seat to station platform. The former conduct may be a violation of the ordinance, negligence *per se,* and the latter not come within the terms of the prohibition. Thus, where evidence adduced as to the nature of the conduct is such as would support a finding of either the one type, or the other, a question of fact for the jury is presented. In the present case, it was for the jury to say whether, under the evidence, plaintiff's position on the steps was so maintained over a period of time as to constitute "riding" thereon, or whether he was attempting to alight from the car while in motion, or whether he was merely making a proper and necessary use of the steps as a means of exit, timing his descent to the station platform to occur simultaneously with the anticipated full stop of the car. Had these questions been submitted to the jury under proper instructions, and had the jury credited the testimony of plaintiff and the evidence favorable to him, it might well have concluded that there was no violation of the ordinance on his part.

The distinction between a proper, transitory, temporary, or necessary use of the platform and steps of a car, and "riding" on such platform or steps in violation of an ordinance, statute, or company regulation, has for many years received recognition in both this and other jurisdictions (*Pruitt* v. *San Pedro etc. Co.,* 161 Cal. 29 [118 Pac. 223, 36 L. R. A. (N. S.) 331], and review of authorities therein; *Mitchell* v. *Southern Pac. Co.,* 87 Cal. 62 [25 Pac. 245, 11 L. R. A. 130], citing *Buel* v. *N. Y. C. R. R.,* 31 N. Y. 314, 319 [88 Am. Dec. 271]; *Froeming* v. *Stockton Elec. R. R.,* 171 Cal. 401 [153 Pac. 712, Ann. Cas. 1918B, 408]; *Thomas* v. *San Pedro etc. R. Co.,* 170 Fed. 129; *Chicago etc. Co.* v. *Grace,* 61 Okl. 12 [159 Pac. 1011]; *Standard Life etc. Ins. Co.* v. *Thornton,* 100 Fed. 582 [49 L. R. A. 116]; *Central R. & B. Co.* v. *Miles,* 88 Ala. 256 [6 So. 696]; 10 Am. Jur., p. 294, sec. 1503.) These cases, it is true, involve railroad accidents. But it is immaterial, so far as the point under discussion is concerned, whether the carrier be a railroad passenger car or an interurban street car, for in either instance the distinction must be applied if the circumstances demand it.

Respondent relies on *Reeves* v. *Lapinta, supra.* That decision contains a correct statement of the general rule as to the effect of negligence *per se,* but it gives only a meager statement of the facts which gave rise to application of the rule. It indicates that plaintiff, a bus passenger, was injured while standing on the step as the bus approached an intersection, and then announces the bare conclusion that in ''riding upon the step of the automobile bus, she was guilty of negligence *per se''.* It is quite likely that the factual situation in that case was distinguishable from that of the present one. If it was not, the decision cannot be harmonized with the authorities above cited, and should not be followed.

The judgment is reversed.

Edmonds, J., Curtis, J., Pullen, J., *pro tem.,* Spence, J., *pro tem.,* and Houser, J., concurred.