[Civ. No. 16570. Second Dist., Div. Two. Apr. 12, 1949.]

WILLIAM CHARLES DENNIS, Respondent, v. PEDRO
GONZALES et al., Appellants.

Syril S. Tipton and Patrick H. Ford for Appellants.

Harrold A. Binnard and Samuel L. Kurland for Respondent.

MOORE, P. J.—While driving westerly on Highway 66, battery trouble developed in respondent's automobile. After his fourth attempt to make repairs, he drove about four blocks further when the motor sputtered and died. His attempts to restart his engine were of no avail. The car had come to rest in the very center of the three westbound lanes. Respondent attempted by waving a flashlight to procure assistance from oncoming motorists. At the trial he remembered three cars' having passed him on the left, but his next consciousness came 14 days later in the county hospital. He had stood in the path of a truck operated by appellant Cordero and owned by appellant Gonzales who was asleep in the vehicle at the time of the impact. The trial of the action resulted in a verdict and judgment for plaintiff, from which comes this appeal.

Appellants' principal contention is that respondent was guilty of contributory negligence as a matter of law in that he was at the time violating a city ordinance* and a statute**. The two sections of the ordinance forbid (1) a person to stand on any roadway and (2) a person to stand or park his vehicle on a roadway other than parallel to, and within 18 inches of the curb. The ordinance was clearly designed to prohibit the use of a road by idlers or by anyone

---

*Pomona City Ordinance, No. 907, section 74. "It shall be unlawful for any person to stand, or sit, in any roadway."

Pomona City Ordinance, No. 907, section 96. "It shall be unlawful for any person to stop, stand, or park, any vehicle in a roadway, other than parallel with the curb and with the two right hand wheels of such vehicle within eighteen (18) inches of the regularly established curb line, except in those streets which have been marked for angle parking."

**Vehicle Code, section 562(a). "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway."

aimlessly there. A denial of the use of a road by the operator of any vehicle to retrieve his merchandise, his dog or his child could not reasonably have been in the contemplation of the Legislature. Nor could it have been intended that a driver should not stand upon a highway behind his stalled automobile to protect it from destruction by a careless motorist or to save the latter from his own destruction by colliding with the standing car. To construe the ordinance as an arbitrary command for every operator of a motor car that suddenly halts on a roadway to hasten for safety to the adjoining fields or to mount an adjacent cliff would render such a law ridiculous. Regulatory ordinances must be so interpreted as to give them a rational meaning. ▮ The act of respondent in standing behind his car for the purpose of signaling the oncoming traffic was done in the normal course of a motorist who had suffered an accident. Whether he was negligent in view of the ordinance and of the conditions was a question of fact for the jury.

As to section 96, it cannot be said that respondent wilfully parked or stood his automobile on the highway. It was stalled and his testimony was that he was in quest of aid to enable him to remove it to a position of safety. The jury impliedly found that his testimony was true. Statutory standards of behavior are intended to govern conduct in situations where there are no reasons for acting to the contrary. To walk upon the highway and aimlessly discharge a machine gun into passing traffic would be murder; but to shoot down a bandit in his attempt to rob travelers would be a virtue entitling the actor to generous rewards. Having heard respondent's explanation for standing on the roadway and for the presence of his car more than 18 inches from the curb line, it was for the jury to determine whether he was negligent and if so whether such negligence contributed to his injuries. ▮ Section 562(a), Vehicle Code, is not pertinent to the issue. Respondent did not attempt to cross the highway.

▮ Motorists pushing or standing near their own stalled automobiles are not thereby necessarily guilty of contributory negligence as a matter of law, but the question is one for the triers of fact. (*Graves* v. *Kern County Transp. Corp.*, 112 Cal.App. 261, 268 [296 P. 902] ; *Wright* v. *Ponitz*, 44 Cal.App. 2d 215, 220 [112 P.2d 25] ; *Shannon* v. *Thomas*, 57 Cal.App.2d 187, 194 [134 P.2d 522] ; *Rath* v. *Bankston*, 101 Cal.App. 274, 279 [281 P. 1081] ; *Giorgetti* v. *Wollaston*, 83 Cal.App. 358, 363 [257 P. 109].) Therefore appellants' contention is

groundless unless the rule enunciated in the cited authorities is inapplicable to the facts at bar. The cases cited by appellants in support of their proposition that the respondent's acts in leaving his car in the second lane and in standing behind it were negligence *per se* hold to the contrary. (*Shimoda* v. *Bundy,* 24 Cal.App. 675, 683 [142 P. 109]; *George* v. *McManus,* 27 Cal.App. 414, 416 [150 P. 73].) ▮ Conceding that the violation of a statute or ordinance is negligence as a matter of law, it does not follow that under all circumstances a violation constitutes contributory negligence. Just as the negligence of a defendant is not tantamount to liability unless the negligence proximately causes injury to plaintiff so the negligence of a plaintiff will not bar his recovery unless his own negligence has proximately caused his injury. His conduct may be negligent but it is not contributory negligence unless it proximately contributes to his injury. ▮ Contributory negligence, like negligence, is ordinarily a question for the jury and becomes a question of law only when the court determines that but one inference can reasonably be drawn from the evidence. (*Flores* v. *Fitzgerald,* 204 Cal. 374, 376 [268 P. 369]; *White* v. *Davis,* 103 Cal.App. 531, 542 [284 P. 1086]; *Ross* v. *Pacific Electric Ry. Co.,* 39 Cal.App. 658, 660 [179 P. 538].)

▮ Whether the established facts constitute contributory negligence as a matter of law may not be easily determined. Their solution depends upon "the existing circumstances in each particular case." (*White* v. *Davis, supra.*) ▮ To be a defense the negligence of the plaintiff must be a proximate cause of the injury. The same rules of causation apply and the burden of proof rests upon the defendant. (*Rush* v. *Lagomarsino,* 196 Cal. 308, 310 [237 P. 1066]; *Gaster* v. *Hinkley,* 85 Cal.App. 55, 61 [258 P. 988]; *Hartford* v. *Pacific Motor T. Co.,* 16 Cal.App.2d 378, 380 [60 P.2d 476]; Rest., Torts, 465.)

▮ Even though the act constitutes negligence *per se* it is ordinarily a question for the jury whether such negligence proximately contributed to the accident. (*Sharick* v. *Galloway,* 19 Cal.App.2d 693, 696 [66 P.2d 185]; *Cadwell* v. *Anschutz,* 4 Cal.2d 709, 710 [52 P.2d 916].) Just as in the case of negligence the question of proximate cause is one of fact for the jury. (*Fennessey* v. *Pacific Gas & Elec. Co.,* 20 Cal. 2d 141, 145 [124 P.2d 51]; *Jackson* v. *Utica Light & Power Co.,* 64 Cal.App.2d 885, 891, 894 [149 P.2d 748]; *Stockwell* v. *Board of Trustees,* 64 Cal.App.2d 197 [148 P.2d 405].)

In *Mathers* v. *County of Riverside*, 22 Cal.2d 781 [141 P.2d 419], the trial court had instructed the jury that if the plaintiff violated section 525 of the Vehicle Code which requires driving as close as practicable to the right edge of the road she was guilty of contributory negligence. The order granting a new trial was affirmed on the ground that "it should have been left to the jury whether or not the position of her car with reference to the white line constituted contributory negligence." In *Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581, 588, 589, 590 [177 P.2d 279], the rule was declared to be: "Ordinarily, the excuse relied upon by the violator presents a question of fact for the jury's determination. . . . under unusual conditions it is generally held that circumstances may be shown to excuse the violation"; that the presumption of negligence arising from a violation "may be rebutted by showing that the act was justifiable or excusable under the circumstances." An exhaustive research discloses no holding contrary to the foregoing although some decisions appear at first glance to differ from them in material respects. For instance, in *Reeves* v. *La Pinta*, 25 Cal.App.2d 680 [78 P.2d 465], the *trial court determined* that the evidence showed contributory negligence *per se* and it was affirmed. But that decision was questioned by *Connard* v. *Pacific Elec. Ry. Co.*, 14 Cal.2d 375, 379 [94 P.2d 567], where it is said, "That decision contains a correct statement of the general rule as to the effect of negligence *per se,* but it gives only a meager statement of the facts which gave rise to application of the rule. . . . It is quite likely that the factual situation in that case was distinguishable from that of the present one." Plaintiff Connard had suffered a directed verdict because at the time of receiving his injuries he was violating an ordinance which forbade a person to alight from a street car in motion or to ride upon the steps of a street car. The court suggested that it was doubtful whether the plaintiff was riding on the steps within the meaning of the ordinance and that such was a question for the jury. In *Kibler* v. *Stone*, 20 Cal.App.2d 377 [67 P.2d 106], the trial court determined that the plaintiff was not guilty of contributory negligence although she had seen the traffic signal change to "caution," and the judgment was affirmed. In *Lorry* v. *Englander Drayage & Warehouse Co.*, 108 Cal.App. 116 [291 P. 467], the trial court determined from the evidence that plaintiff's violation of a San Francisco ordinance proximately contributed to the plaintiffs' injuries and its judgment was affirmed. *Satterlee* v. *Orange Glenn*

*School Dist., supra,* was reversed by reason of the failure of the trial court to read to the jury section 550 of the Vehicle Code after the defendant's evidence showed that its bus had not only approached from the right but had actually entered the intersection before the plaintiff's automobile had arrived. In *Leek* v. *Western Union Telegraph Co.,* 20 Cal.App.2d 374 [66 P.2d 1232], judgment for plaintiff was reversed because plaintiff stepped from her position of safety on the curb into a traffic-congested street before the semaphore indicated that it would be safe for her to proceed and while the flow of traffic continued along the street she attempted to cross. No circumstance was shown as an excuse for her conduct but the facts disclose that defendant's bicycle was hurled against her by the act of a third party.

It is only when the facts are clearly settled and the course which common prudence dictated can be readily discerned that the court should decide the issue as a matter of law. In *Zibbell* v. *Southern Pacific Co.* (1911), 160 Cal. 237, 241 [116 P. 513], Justice Henshaw adopted the language of a prior decision, to wit: "It is only where no fact is left in doubt, and no deduction or inference other than negligence can be drawn by the jury from the evidence, that the court can say, as a matter of law, that contributory negligence is established. Even where the facts are undisputed, if reasonable minds might draw different conclusions upon the question of negligence, the question is one of fact for the jury." In divers phrases the rule has been repeated in innumerable decisions including *Shannon* v. *Thomas,* 57 Cal.App.2d 187, 194 [134 P.2d 522], where it was held that the issue of contributory negligence is one of fact for the jury unless the court can say that reasonable minds can draw but one inference from the evidence, namely, an inference, pointing unerringly to the negligence of the plaintiff in violating the statute and that it has proximately contributed to his injuries.

After such facts have been affirmatively determined the jury must then find whether or not the violation proximately contributed to the accident; also, whether the violation was excusable or justifiable. (*Sharick* v. *Galloway,* 19 Cal.App.2d 693, 696 [66 P.2d 185] ; *Rivera* v. *Hasenjaeger,* 29 Cal.App.2d 431, 433 [85 P.2d 167].) See, also, *Hilbert* v. *Olney,* 17 Cal. App.2d 135, 138 [61 P.2d 941] ; *Skaggs* v. *Wiley,* 108 Cal.App. 429, 433 [292 P. 132] ; *Smith* v. *Occidental etc. Steamship Co.,* 99 Cal. 462 [34 P. 84].

 Appellants further contend that respondent's predicament was not such an emergency as to justify a violation of the statute and ordinance. It is unnecessary to discuss the authorities cited by appellant in view of *Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581, 588 [177 P.2d 279], where the court held that while an act done in violation of an ordinance or statute is presumptively negligence, yet the presumption is not conclusive and may be rebutted by proof that the act was justifiable or excusable under the circumstances. Thus, in the light of the evidence, the issue of contributory negligence was properly left to the jury.

### INSTRUCTIONS NOT PREJUDICIAL

 Appellants also contend that certain instructions were erroneous in that (1) they did not "list substantially all important factors or elements involved" and (2) they were contradictory. In asserting the deficiencies of specific instructions appellants overlook the many other instructions pertinent to the issue of contributory negligence some of which were requested by themselves. One may not extract from the entire charge a single instruction and successfully contend that it must contain all the elements necessary to substantiate a verdict. (*Stroud* v. *Hansen*, 48 Cal.App.2d 556, 562 [120 P.2d 102]; *Callet* v. *Alioto*, 210 Cal. 65, 70 [290 P. 438]; *Barlow* v. *Crome*, 44 Cal.App.2d 356, 361 [112 P.2d 303].) If each instruction had to be all-encompassing the court would be limited to but one instruction. Nor does *Beyerle* v. *Clift*, 59 Cal.App. 7 [209 P. 1015], support appellants' contention. The court there held that an instruction which purports to set forth the elements necessary to a verdict must contain all such elements. Those complained of here did not purport to give all the elements necessary for a verdict, but were of necessity to be considered with the other instructions given. Nor were those criticized conflicting. Whereas one referred to the stopping of a vehicle, the other treated of its removal from the highway after it had stopped.

 Appellants' final contention is that the instructions on burden of proof on contributory negligence were conflicting and that the jury was thereby confused. This argument is predicated upon the assumption that respondent was guilty of contributory negligence as a matter of law. Inasmuch as the court correctly ruled that contributory negligence had not been established as a matter of law, the case cited by appellant is inapplicable. *Mundy* v. *Marshall*, 8 Cal.2d 294, 296 [65 P.2d 65], held that upon the facts established, the

trial court was justified in concluding that the decedent was contributorily negligent as a matter of law. Where such a conclusion is warranted, the court should take the case from the jury "unless the statutory presumption that the decedent was using due care was sufficient to create a conflict in the evidence and sustain a verdict for the plaintiff."

Thus the doctrine that the presumption of due care constitutes a species of evidence in death cases (*Westberg* v. *Willde*, 14 Cal.2d 360, 365 [94 P.2d 590]) and in those involving brain injuries (*Scott* v. *Sheedy*, 39 Cal.App.2d 96, 99 [102 P.2d 575]) is applicable to the facts at bar and any conflict in the instructions pertaining thereto arose from the application of conflicting presumptions. The jury was correctly instructed on the presumption of due care, the presumption arising from the breach of a statute or ordinance, and the reasonableness of behavior when faced with an emergency.

The judgment is affirmed.

Wilson, J., concurred.

McCOMB, J.—I dissent.

Defendants appeal from a judgment in favor of plaintiff after trial before a jury in an action to recover damages for personal injuries.

Viewing the evidence most favorable to plaintiff, the facts in the instant case are:

On June 2, 1946, at about 10 p. m., plaintiff was operating his automobile in a westerly direction on Highway No. 66 when the car stopped. At this point the highway consisted of two marked lanes for traffic in each direction and a parking lane on each side thereof. Plaintiff immediately got out of his automobile with his flashlight and walked to the rear of his car, looking for oncoming traffic and holding the flashlight in his hand. His headlights and taillight were burning. He stood near the left rear fender of his car signaling to traffic until a truck driven by defendant Cordero, and owned by defendant Gonzales, traveling from 20 to 25 miles per hour in a westerly direction on Highway 66, struck and seriously injured plaintiff. At the time of the accident, section 74 of a Pomona City Ordinance read thus:

"It shall be unlawful for any person to stand, or sit, in any roadway."

This is the sole question presented for our determination:

Was plaintiff guilty of contributory negligence as a matter

of law in standing in the roadway in violation of the prohibition in section 74 of the Pomona City Ordinance, *supra*?

This question must be answered in the affirmative. It is the general rule that (1) the violation of a statute or ordinance constitutes negligence *per se*, and (2) it constitutes contributory negligence if the failure to comply with the statute or ordinance contributes directly to the injury. (*Hurtel* v. *Cohn, Inc.*, 5 Cal.2d 145-147 [52 P.2d 922]; *Leek* v. *Western Union Tel. Co.*, 20 Cal.App.2d 374 at 376 [66 P.2d 1232]; *Reeves* v. *LaPinta*, 25 Cal.App.2d 680 at 681 [78 P.2d 465]; *Satterlee* v. *Orange Glenn School Dist.*, 29 Cal.2d 581 at 588 [177 P.2d 279].)

To the foregoing general rule there is an exception that if the violation of a statute or ordinance under the particular circumstances was justifiable or excusable, such violation may be excused and not constitute negligence *per se*. (*Satterlee* v. *Orange Glenn School Dist., supra*, 588; *Morris* v. *Purity Sausage Co.*, 2 Cal.App.2d 536 at 539, et seq. [38 P.2d 193].) However, the exception is only applicable when the violation of the ordinance or statute results from a cause or thing beyond the control of the person charged with the violation. (*Satterlee* v. *Orange Glenn School Dist., supra*, 589; *Gallichotte* v. *California Mutual Bldg. & Loan Assn.*, 4 Cal.App.2d 503 at 506 [41 P.2d 349]; *Morris* v. *Purity Sausage Co., supra*.) In the instant case, at the time of the accident, section 74 of the Pomona City Ordinance read:

"It shall be unlawful for any person to stand, or sit, in any roadway."

As plaintiff violated a provision of the foregoing ordinance in standing in the highway, he was guilty of negligence *per se*, and since the accident would not have occurred had he complied with the ordinance, his negligence was one of the proximate causes of the accident and therefore he was guilty of contributory negligence and cannot recover for his injury. The exception to the general rule mentioned above, to wit, that the violation of an ordinance may be justifiable or excusable under the circumstances of a particular case when the act is done prudently for the purpose of safety of life or limb, is not here applicable for the reason that, as stated in the rule, such exception applies only where the violation of the ordinance results from a cause or thing beyond the control of the person charged therewith. In the present case, plaintiff voluntarily stood in the highway and he was not placed there because of any cause or thing beyond his control.

As previously pointed out in *Leek* v. *Western Union Tel. Co., supra,* 376, the alarming increase in deaths and injuries resulting daily from violation of traffic ordinances and provisions of the Vehicle Code has become a matter of public concern, demanding the conscientious effort of every individual to prevent accidents by complying with such ordinances and provisions. One of the motivating causes inducing the adoption of the ordinance here in question was to prevent just such an accident as has occurred due to the violation of the ordinance and which accident would not have occurred had plaintiff complied with it. The facts in *Reeves* v. *LaPinta, supra,* are analogous to those in the present case. In the cited case, a municipal code provision of the city of Los Angeles read:

"No person shall ride upon the fender, steps, or running board of any street car or vehicle."

Plaintiff, in violation of the ordinance, rode upon the step of an automobile bus and was injured as a result thereof. It was held that she was guilty of contributory negligence and could not recover for her injuries. The principle of law in such case and in *Leek* v. *Western Union Tel. Co., supra,* are identical and are controlling in the present case.

*Graves* v. *Kern County Transp. Corp.,* 112 Cal.App. 261 [296 P. 902], *Wright* v. *Ponitz,* 44 Cal.App.2d 215 [112 P.2d 25], *Shannon* v. *Thomas,* 57 Cal.App.2d 187 [134 P.2d 522], *Rath* v. *Bankston,* 101 Cal.App. 274 [281 P. 1081], *Giorgetti* v. *Wollaston,* 83 Cal.App. 358 [257 P. 109], are not here applicable for the reason that in such cases there was not a violation of an ordinance the same or similar to the one here involved. *Connard* v. *Pacific Elec. Railway Co.,* 14 Cal.2d 375 [94 P.2d 567], is likewise readily distinguishable from the facts in the present case. In such case, there was a conflict in the testimony as to whether the plaintiff was riding on the step of the car or merely using the step for the purpose of alighting from the car. This conflict in evidence clearly raised a question of fact, which was properly submitted to the jury. In the instant case, there is no conflict in evidence that the plaintiff was standing in the highway.

The judgment should be reversed.

A petition for rehearing was denied April 22, 1949. McComb, J., voted for a rehearing. Appellants' petition for a hearing by the Supreme Court was denied June 9, 1949. Traynor, J., voted for a hearing.