[Civ. No. 12096.  Second Appellate District, Division Two.—May 1, 1939.]

FRANCIS J. HEALY et al., Respondents, v. YELLOW CAB COMPANY OF CALIFORNIA (a Corporation) et al., Appellants.

Harry B. Ellison and J. L. Ronnow for Appellants.

Nat C. Recht and Alexander H. Schullman for Respondents.

WOOD, J.—Plaintiff Esther Healy was injured when she stepped from a taxicab operated by defendant John Crosson and owned by the corporation defendant. Plaintiffs recovered a judgment for the injuries suffered, at a trial before the court without a jury, from which judgment this appeal is prosecuted.

At about 2 o'clock on the morning of February 2, 1937, the plaintiffs, Mr. and Mrs. Healy, and two friends were passengers in defendants' taxicab, when they were driven to plaintiffs' residence on Kingsley Drive in the city of Los Angeles. In stopping to discharge passengers from the taxicab the driver did not place his car parallel with the curb but stopped it in such manner that the right front wheel was flush with the curb and the rear end of the car was four or five feet distant from the curb. The street was not marked for oblique parking. In the act of alighting, Mrs. Healy assumed that the car was parallel with the curb and as a result fell and suffered injuries. The trial court found negligence on the part of defendants and also found that Mrs. Healy was free from contributory negligence. Defendants now contend that these findings are not supported by the evidence.

We are not called upon to decide whether in our view of the evidence the defendants were negligent in stopping the car otherwise than parallel with the curb or whether Mrs. Healy was negligent in not looking more carefully as she stepped from the car, but rather we must bear in mind that these questions were for the determination of the lower court as a trier of fact and that the court's findings on these points must be sustained if its conclusions could reasonably be drawn from the facts in evidence. (*Maxwell* v. *Fresno City Ry. Co.*, 4 Cal. App. 745 [89 Pac. 367].) There is no accurate standard for defining negligence. The question

of negligence or freedom from negligence depends upon the particular facts and circumstances of the case under review. It is the province of the trial court to resolve questions of fact and draw reasonable inferences from facts established. We may not interfere with the court's findings unless the evidence discloses that the only reasonable conclusion to be reached is that no negligence has been established on the part of the defendant or that, on the issue of contributory negligence, no reasonable conclusion can be reached except that pointing to the negligence of the person injured. (*Wikberg* v. *Olson Co.*, 139 Cal. 479 [71 Pac. 511].)

Defendants, in arguing that Mrs. Healy was guilty of contributory negligence as a matter of law, stress the fact that she did not look carefully before she stepped from the running board of the taxicab onto the pavement. It cannot be held as a matter of law that a passenger alighting from a public vehicle is guilty of contributory negligence under all circumstances in not looking down carefully at the moment of alighting. In *Maxwell* v. *Fresno City Ry. Co., supra,* defendant's street car stopped at a point other than its usual stopping place and plaintiff in alighting ''did not take special notice of the ground onto which she stepped''. In affirming a judgment in her favor the reviewing court said that the question was whether ''fair-minded men might find that, with her knowledge and in her situation, she acted with reasonable prudence, without further investigating the condition of the ground she was to alight upon''. In *Bass* v. *Concord St. Ry. Co.*, 70 N. H. 170 [46 Atl. 1056], the plaintiff recovered a judgment for injuries suffered when she alighted from a street car which stopped at an improper place. The plaintiff testified that she ''did not take any pains whatever to see where she was stepping when she stepped to the ground''. The judgment was upheld on the ground that the issue of contributory negligence was for the jury and that the verdict was sustained by the evidence. Defendants rely upon *Fordyce* v. *White Star Bus Lines,* 304 Fla. 106 [155 Atl. 98], a case in which it was held that the plaintiff was guilty of contributory negligence as a matter of law in stepping from a bus which had stopped in the street about two feet from the curb. The case may be distinguished from the case under review in that the bus in the Fordyce case was not stopped at its usual place for discharging pas-

sengers and the plaintiff in alighting did not make use of a hand-rail which had been provided.

It is pointed out by plaintiffs that Mrs. Healy had on other occasions been driven to her home by taxicabs of defendant company and on the other occasions the taxicab had been driven parallel with and close to the curb; that on the occasion in question she was not informed and did not know that the cab had stopped on an angle to the curb but, on the contrary, believed that it had stopped so that the running board was flush with the curb; that the driver gave her no warning of the situation and did not assist her in alighting; that there were no other vehicles in the vicinity to prevent the driver from properly parking his car in the usual manner; and that she had the right to assume that she could step with safety from the running board to the curb. Under these circumstances it cannot be held that the case presented is one where fair-minded men could come to only one reasonable conclusion. We cannot hold as a matter of law that Mrs. Healy was guilty of contributory negligence. The findings, being supported by substantial evidence, may not be disturbed by the reviewing court.

The judgment is affirmed.

Crail, P. J., and McComb, J., concurred.