[Civ. No. 18838.   First Dist., Div. Two. · Nov. 23, 1960.]

JOSEPHINE BUA, Respondent, v. G. I. TAXI COMPANY (a Copartnership) et al., Appellants.

*Assigned by Chairman of Judicial Council.

Low & Ball for Appellants.

Boccardo, Blum, Lull, Niland & Teerlink and Edward J. Niland for Respondent.

SHOEMAKER, J.—This is an appeal by defendants James Harding and the G.I. Taxi Company from an order granting plaintiff Josephine Bua a new trial.

On September 28, 1956, James Harding was driving a cab in the course of his employment by the G.I. Taxi Company. On that date the respondent was working the ''graveyard shift'' for the San Jose Cannery. The G.I. Taxicab Company by an agreement with the cannery sent cabs out to the plant at 4:45 a.m. to transport the female workers to their homes at the conclusion of the shift. On this morning appellant Harding picked up five passengers including respondent. Respondent sat in the back seat of the cab on the right and sitting on the same seat on the left was her daughter-in-law, Antonia Bua, who resided a few doors away from her. The cab arrived in front of respondent's house at about 5 a.m. The evidence is conflicting as to whether the cab was stopped on the wrong side of the street or not, and whether it was stopped at the curb or towards the middle of the street. Appellant Harding testified that as he drove along respondent's street that the Buas yelled ''Stop, this is where we get out'' and that he then stopped the cab; that thereupon the respondent and Antonia Bua opened the doors on their respective sides and started to get out immediately; that appellant Harding did not leave the cab to assist either woman; that this was because they began to leave before he had a chance to do so. As respondent was leaving the cab, respondent and her witnesses testified, the cab moved and she was thrown to the ground and injured. Harding denies the cab moved.

The jury was fully instructed, pursuant to request of both sides, on the issue of contributory negligence. The jury returned a unanimous verdict in favor of the defendants (appellants herein). The trial court thereafter granted the respondent's motion for new trial pursuant to Code of Civil Procedure, section 657, subdivision 7, on the ground of an error of law occurring at trial, specifically that the evidence did not warrant instructions on contributory negligence.

This appeal turns on the propriety of the trial court instructing the jury on the question of contributory negligence.

Where a new trial is granted for an error of law occurring at trial because of an instruction given, if the

instruction was correct and should have been given, there is no legal ground upon which a new trial may be granted. (Witkin, California Procedure, vol. 3, Appeal, § 100, p. 2270; *Parker* v. *Womack* (1951), 37 Cal.2d 116, 123 [230 P.2d 823]; *Conner* v. *Southern Pacific Co.* (1952), 38 Cal.2d 633, 637 [241 P.2d 535].)

The fact that respondent offered instructions on the question of contributory negligence does not, through the doctrine of invited error, restrict the power of the trial court to grant a new trial. (*Roberson* v. *J. C. Penney Co.* (1955), 136 Cal.App.2d 1, 5 [288 P.2d 275].) Ordinarily contributory negligence is a fact question; it may only be decided as a matter of law where but one inference can reasonably be drawn from the evidence. (*Gibson* v. *Southern Pacific Co.* (1955), 137 Cal.App.2d 337, 354 [290 P.2d 347, 63 A.L.R. 2d 1205]; *Dennis* v. *Gonzales* (1949), 91 Cal.App.2d 203, 207 [205 P.2d 55].) Therefore the sole inquiry before us is whether there is any evidence in the record which demonstrates contributory negligence or from which it may be inferred.

The crux of respondent's case, as developed at trial, was that the cab moved as she alighted causing her to fall. The record, reviewed heretofore, is completely devoid of any indicia of contributory negligence on her part with regard to this theory of negligence.

However, the appellants argue there were two other theories of negligence present in the case. The pretrial conference order set these forth as: (1) stopping the cab away from the curb, lessening the respondent's ability to balance herself on leaving the cab; (2) failure of appellant Harding to assist the respondent from the cab. Both sides presented evidence on these matters and appellants contend their evidence at least allows the inference of contributory negligence on the part of respondent with regard to these matters.

Appellants first contend respondent was contributorily negligent in alighting when the cab was not at the curb. The first fallacy of this argument is that evidence as to the discharge away from the curb (which was conflicting) was merely embellishment of respondent's case, not the basis of actionable negligence. It has been held that there is no breach of duty when a bus driver discharges a passenger away from the curb, where as here there is no danger of being hit by passing vehicles or there is no danger from the condition of the street (*MacLean* v. *City & County of San Francisco*

(1954), 127 Cal.App.2d 263, 272 [273 P.2d 698]), and by analogy the same principle is applicable to a cab driver.
■ Further, there was no evidence that the possible discharge away from the curb proximately caused respondent's fall; the only evidence as to the proximate cause of the accident dealt with the movement of the cab. Since discharging the respondent away from the curb did not proximately cause her fall, it could not have been the basis of liability for negligence. (*Lammers* v. *Pacific Electric Ry. Co.* (1921), 186 Cal. 379, 384 [199 P. 523]; *Stasulat* v. *Pacific Gas & Elec. Co.* (1937), 8 Cal.2d 631, 636 [67 P.2d 678].) This theory of negligence under the facts of this case not being actionable, any evidence offered affirmatively to nullify it by way of demonstrating contributory negligence could not serve as the basis of a contributory negligence instruction. ■ Further, it is clear that the mere exit of a passenger away from a curb does not constitute contributory negligence as a matter of law. (*Healy* v. *Yellow Cab. Co.* (1939), 32 Cal.App.2d 479, 480, 482 [90 P.2d 116].) If alighting from the cab away from the curb under the circumstances could constitute a lack of regard by respondent for her own safety, there is nothing in the record establishing this as the proximate cause of her fall.
■ To constitute a defense, the negligence of a plaintiff must be a proximate cause of the injury, and the usual rules of causation apply. (*Rush* v. *Lagomarsino* (1925), 196 Cal. 308, 315 [237 P. 1066]; *Hartford* v. *Pacific Motor Trucking Co.* (1936), 16 Cal.App.2d 378, 380 [60 P.2d 476].)

■ Lastly the appellants contend that the respondent was contributorily negligent by leaving the cab before Harding had a chance to assist her. There is nothing in case or statutory law that we can find which indicates a possible duty of a cab driver to assist passengers as they get out of a taxi or that passengers wait for such assistance. If custom and practice may be considered in this respect a person who has traveled knows that such assistance is a rare and unusual occurrence. As was the case regarding the preceding claim of contributory negligence, there is no evidence here that the failure of the cab driver to assist respondent out of the cab or that respondent's leaving the cab without the driver's assistance were proximate causes of the accident, and thus for the same reasons and by virtue of the authority cited regarding proximate cause in the preceding paragraph it must be determined that respondent's departure without the assistance of appellant Harding did not constitute contributory negligence.

There being no evidence in the record upon which a finding of contributory negligence could be supported, no instructions could be given on the question. (*Christensen* v. *Bocian* (1959), 169 Cal.App.2d 223, 229 [336 P.2d 1018] ; *Hardin* v. *San Jose City Lines, Inc.* (1953), 41 Cal.2d 432, 440 [260 P.2d 63].)

An order granting a new trial for an error of law must be affirmed where the challenged instruction upon which it was based was erroneous in any degree. (*Shaw* v. *Pacific Greyhound Lines* (1958), 50 Cal.2d 153, 159 [323 P.2d 391].)

The order granting a new trial is affirmed.

Kaufman, P. J., concurred.

DRAPER, J.—I dissent. The pretrial order specifies plaintiff's claims that defendant driver was negligent in stopping his cab in the middle of the street, rather than in a place of safety for plaintiff to alight; in failing to assist plaintiff to alight; and in starting the cab while she was alighting. Plaintiff's opening statement promised evidence on each of these points, and evidence as to each was in fact introduced. There is no indication in the record and no suggestion in the briefs that plaintiff withdrew or abandoned any of these claims. On motion for new trial, plaintiff was still contending that her obesity (she weighed 270 pounds) amounted to a handicap or disability requiring an instruction that defendant carrier was under a duty to give her special attention, care and assistance.

If the jury had returned a verdict for plaintiff, but had accompanied it by a special determination that the driver did not start the cab until after plaintiff left it, I have no doubt that the present majority, on the record now before us, would affirm, particularly in view of defendant carrier's duty of utmost care. Thus I cannot accept the view that there is no evidence of negligence aside from that concerning untimely starting of the cab. But the very evidence which would support such a judgment affords bases for inference of contributory negligence. The avenues of the law should be two-way streets. I find no error in permitting the jury to consider the evidence or inferences of contributory negligence. I would reverse the order granting new trial.

A petition for a rehearing was denied December 23, 1960. Draper, J., was of the opinion that the petition should be granted. Appellants' petition for a hearing by the Supreme Court was denied January 18, 1961.