Filed 10/31/24  Rodriguez v. Andy Gump CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| LEOBARDO RODRIGUEZ, | B325527 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCV18355) |
| v. | |
| ANDY GUMP, INC., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephanie M. Bowick, Judge.  Affirmed.

Gary Rand & Suzanne E. Rand-Lewis and Suzanne E. Rand-Lewis for Plaintiff and Appellant.

Myers, Widders, Gibson, Jones & Feingold and Jill L. Friedman for Defendants and Respondents.

_____

Plaintiff and appellant Leobardo Rodriguez appeals from the trial court's judgment entered pursuant to its order issuing terminating sanctions. Rodriguez contends the trial court erred by finding he violated the court's discovery orders and impermissibly imposed terminating sanctions to punish him. We find no abuse of discretion and affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In May 2019, Rodriguez filed a complaint against Andy Gump, Inc., Evelyn Abernathy, Tony Watson, and Roberto Ramirez (together, defendants), arising from his employment with and termination from Andy Gump, Inc. (AGI). Rodriguez alleged causes of action for breach of contract, breach of the covenant of good faith and fair dealing, wrongful termination in violation of public policy, discrimination and harassment, wage-and-hour violations, false promises, intentional infliction of emotional distress, and whistleblower retaliation.[1] Rodriguez alleged that when he became disabled due to workplace injuries and unsafe working conditions, defendants failed to accommodate him, demoted him, discriminated against him, harassed him because of his race, retaliated against him when he complained, and ultimately terminated his employment.

In April 2020, AGI propounded form interrogatories, requests for production of documents (RFPs), and requests for admission (RFAs) to Rodriguez. Each defendant also propounded a set of special interrogatories to Rodriguez.

### First Motions to Compel

The discovery responses were due May 28, 2020. Rodriguez's counsel objected to the service of the RFAs but

---

[1] In September 2020, Rodriguez filed the operative first amended complaint alleging largely the same causes of action.

2

otherwise failed to object, respond, or request an extension of time to respond to the remaining discovery. In a meet-and-confer e-mail exchange in August 2020, defense counsel requested that Rodriguez serve verified responses without objections within one week to avoid a motion to compel. Rodriguez's counsel refused to respond, appearing to argue that all of defendants' discovery was improperly served.

In August 2020, AGI moved to compel responses to its form and special interrogatories, RFPs, and RFAs. The individual defendants moved to compel responses to their respective sets of special interrogatories. Defendants also requested monetary sanctions. In September 2020, Rodriguez served verified responses to AGI's RFAs. Rodriguez did not object or respond to any of defendants' other discovery requests. Rodriguez also did not file oppositions to the motions to compel.

In January 2021, the court held an informal discovery conference. The court denied defendants' request for monetary sanctions and continued the hearings on the motions to compel to March 2021, based on Rodriguez's counsel's representations "that they are working on providing responses to all of the discovery." The court ordered defendants to file a supplemental declaration by February 22, 2021, updating the court on the discovery responses received. In the supplemental declaration, defense counsel attested that she had not received responses to defendants' interrogatories or AGI's RFPs. Rodriguez also had not filed oppositions to the motions to compel.

On March 1, 2021, the trial court held a hearing on the unopposed motions to compel. The court granted defendants' motions to compel responses to the form interrogatories, special interrogatories, and RFPs. The court ordered Rodriguez to serve

3

verified responses and produce responsive documents within 21 days. The court also granted in part defendants' request for monetary sanctions. It found, "Plaintiff's conduct constitutes an abuse of the discovery process. Defendants have been denied a full opportunity to conduct discovery in which to defend this lawsuit and have been severely prejudiced by Plaintiff's failure to respond to written discovery served many months ago. The Court also notes that Plaintiff has failed to file an opposition to the motions to compel responses." The court imposed a sanction of $622.00 for each motion, to be paid within 21 days.

### *First Motion for Sanctions and Motions to Compel Further Responses*

On March 23, 2021, AGI moved for further sanctions on the grounds that Rodriguez had not served verified discovery responses or paid monetary sanctions by the court's deadline. AGI requested that the court strike Rodriguez's amended complaint, terminate and dismiss the action without prejudice, and impose monetary sanctions. The motion was set for hearing in August 2021.

On March 29, 2021, Rodriguez served responses to AGI's form interrogatories and RFPs, and all defendants' special interrogatories. He attached verifications to each set of responses. Rodriguez also served defendants with a 959-page document production.

Defendants contended Rodriguez's March 2021 responses were insufficient and improperly verified. The parties met and conferred but did not resolve their dispute. AGI later asserted it sent a meet-and-confer letter regarding the verifications, but Rodriguez's counsel responded only: "Your contentions are false.

4

Either agree to mediate or provide available dates in May for the Defendant's PMQ deposition."

In May 2021, AGI filed a motion to compel further responses to its form interrogatories and requests for production. All defendants also moved to compel further responses to the special interrogatories. Each motion requested $1,232.50 in monetary sanctions. In their motions, defendants argued Rodriguez's responses were incomplete, evasive, and that his production was a " 'document dump' " that failed to identify specific documents responsive and relevant to the requests.

Defendants also argued that the responses were improperly verified because "they appear to be copied and pasted from" the verifications to Rodriguez's responses to AGI's RFAs served in September 2020, thus violating the statutory requirement that answers to interrogatories be signed by the responding party— not the attorney—under oath. AGI argued the verifications were "not authentic" and violated the court's order that the responses be verified. Defendants attached copies of the verifications to their motions. The motions were set for hearing in late November 2021 and early December 2021.

In August 2021, Rodriguez opposed AGI's motion for sanctions, arguing he had timely served full and complete responses and timely paid the monetary sanctions. In reply, AGI disputed Rodriguez's claims and again argued that the discovery responses were not properly verified because the signatures were "cut and pasted multiple times" from Rodriguez's September 2020 verifications to his RFA responses. Defense counsel's supporting declaration referred to six exhibits, including Rodriguez's September 2020 and March 2021 verifications. However, the exhibits were omitted as attachments.

5

Later in August, the court held a hearing on AGI's motion for sanctions. The trial court questioned Rodriguez's counsel about whether the discovery verifications were "freshly verified" or cut and pasted. Counsel stated, "[T]he verifications were affixed electronically to the responses that were served by the plaintiff. It was done so at Plaintiff's instruction. It was done so following his affixing a signature on a verification form that was then sent to us electronically from which we took that electronic signature and affixed it to the responses themselves." The trial court asked if Rodriguez's counsel was indicating that Rodriguez affixed his electronic signature to the verification; counsel responded: "No, your honor. We affixed his signature electronically to the responses." The court questioned whether it was permissible for counsel to "attach a signature for somebody else." The trial court ordered the parties to submit supplemental briefs regarding the verification issue.

In September 2021, both parties filed supplemental briefs on the verification issue. Rodriguez argued his verifications "were signed with an electronic signature" in compliance with the Los Angeles County Superior Court's General Order Re: Mandatory Electronic Filing (General Order) and California Rules of Court, rule 2.257.[2] In a supporting declaration,

---

[2] The General Order requires all electronically filed documents to comply with California Rules of Court, rule 2.257. (General Order, § 11.) California Rules of Court, rule 2.257 defines an "electronic signature" as an "electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign a document or record created, generated, sent, communicated, received, or stored by electronic means." (*Id.*,

Rodriguez's counsel attached what was identified as the verifications to Rodriguez's March 2021 discovery responses. In AGI's supplemental brief, it contended neither the General Order nor California Rules of Court, rule 2.257 applied to documents served and not filed. It again argued that the verifications violated the Code of Civil Procedure. AGI further noted the signatures on the verifications attached to Rodriguez's supplemental brief "do not match" the signatures on the verifications originally served with Rodriguez's March 2021 discovery responses. Noting AGI's earlier omission of the six exhibits—including the verifications—from the reply declaration in support of its sanctions motion, the court ordered defendants to refile the reply with the exhibits attached.

In November 2021, Rodriguez filed a combined opposition to defendants' motions to compel further responses. He argued his March 2021 responses were timely and complete, he had produced all responsive documents in his possession, and his verifications were valid and proper. In a supporting declaration, his counsel attested that in August 2021, Rodriguez paid in full the monetary sanctions imposed in March 2021.

In December 2021, the court held a hearing on the motions to compel and the motion for sanctions. The court found that because AGI had failed to refile the reply brief in support of its motion for sanctions with the exhibits, the court could not consider the exhibits unless the failure to file was due to the

rule 2.257(a)(1).) Electronically filed documents are deemed to be signed if the declarant signs the document using an electronic signature or physically signs a printed form that is electronically filed. (*Id*., rule 2.257(b)(1), (2).)

court clerk's error. The court continued the hearing on all motions to January 2022.

### *January 25, 2022 Order Denying First Motion for Sanctions*

The continued hearing took place on January 25, 2022. The court denied AGI's March 2021 motion for sanctions and took defendants' May 2021 motions to compel further responses to discovery under submission.

AGI's motion for sanctions was based on Rodriguez's alleged failure to serve any discovery responses by the court's deadline and the failure to provide proper verifications. However, the court agreed with Rodriguez that AGI had incorrectly calculated the deadline for the responses. When calculated from the date of a corrected minute order, and allowing for extensions for notice of the ruling served by mail and holidays, Rodriguez had timely served responses on the last possible day. Further, as to the verifications, the court noted AGI conceded during the hearing that, due to its own error, it had not refiled its reply in support of the motion for sanctions with the previously omitted exhibits. The court therefore found the exhibits "were not properly and timely filed" and declined to consider them in deciding the motion for sanctions. As a result, the court rejected AGI's argument that Rodriguez failed to properly verify his responses, finding "solely for the purposes of the instant Motion" that Rodriguez complied with the court's March 2021 order to serve verified responses within 21 days.

The court further concluded that although Rodriguez failed to pay monetary sanctions within 21 days of the March 2021 order, neither terminating sanctions nor additional monetary sanctions were warranted for the delay in payment. Despite Rodriguez's late payment, AGI's error in calculating the discovery

8

deadline and its failure to support its arguments regarding the verifications by attaching the relevant documents meant that AGI had not demonstrated "any additional misuse of the discovery process."

***January 28, 2022 Order Granting Motions to Compel Further Responses and Awarding Monetary Sanctions***

Three days later, on January 28, 2022, the court issued a ruling on defendants' May 2021 motions to compel further responses to discovery. At issue were the sufficiency of Rodriguez's responses and, once again, the validity of his discovery verifications, which defendants had attached to their motions to compel. The court granted the motions.

With respect to the motions to compel further responses to defendants' special interrogatories, the court ruled: "Defendant's Motion to Compel Further Answers to Special Interrogatories is GRANTED in its entirety as to Andy Gump's Special Interrogatories, Evelyn Abernathy's Special Interrogatories, Tony Watson's Interrogatories (Nos. 3, 6, 9, 12, 15, 18, 21, 24, 27 and 30) and Roberto Ramirez's Interrogatories (Nos. 3, 6, 9, 12, 15, 18, 21, 24, 27 and 30)."[3] It instructed Rodriguez to "identify the specific documents that are responsive to each request by bates numbers/bates range or list each document with sufficient specificity and detail so that the specific responsive documents can be readily identified as to the specific request involved.

---

[3] In a separate party-prepared order entered after the hearing, the trial court ordered Rodriguez to "provide properly verified answers/further answers . . . to the following Special Interrogatories: 3, 6, 9, 12, 15, 18, 21, 24, 27 and 30 (For All Defendants)."

9

Plaintiff cannot merely refer to a 'file' as a whole or a generalized description such as 'other policies and procedures.' "

The court also granted AGI's motion to compel further responses to 13 form interrogatories. For 11 of them, the court again required that Rodriguez "provide the bates-stamp numbers to all of the documents referenced or list each document with sufficient specificity and detail so that it can be readily identified as to the specific request involved." Similarly, the court ordered Rodriguez to further respond to all 15 RFPs that were the subject of AGI's motion to compel and to "identify the specific documents that are responsive to each request as well as each category of documents by bates numbers/bates range so that the specific responsive documents can be readily identified as to the specific request involved."

With respect to all discovery responses, the trial court found "that the responses served were not properly verified. Cut and paste signatures by counsel are improper. The Court agrees with the arguments asserted by Defendant."

The court also granted defendants' request for monetary sanctions, finding Rodriguez had failed to properly respond to valid discovery requests. It concluded defendants had afforded Rodriguez "extensive time and opportunity to properly respond to the discovery requests and provide proper verifications after meet and confer efforts were conducted," and that Rodriguez had "not established substantial justification for his conduct." The court imposed sanctions of $1,395.00 for each motion to compel, payable to defense counsel within 30 days.

In February 2022, Rodriguez served further responses to defendants' discovery. As relevant here, in his further responses to requests asking Rodriguez to identify specific documents

supporting his claims—such as documents reflecting his demotion, his harassment claims, meal and rest break violations, and AGI's failure to accommodate his disability—Rodriguez stated that he "relie[d] upon his operative Complaint, and document production," followed by a bates range of "PLTF0001-PLTF0100, PLTF0105-PLTF0959," "PLTF0001-PLTF0100, PLTF0105-PLTF0874," or "PLTF0001-PLTF0959." Verifications were attached to each set of responses.

### *September 13, 2022 Order Granting Terminating Sanctions*

In March 2022, AGI again moved for terminating and monetary sanctions, alleging Rodriguez "repeatedly failed to comply" with court orders to serve adequate, verified responses to discovery and to pay the monetary sanctions the court had imposed. The same month, defendants filed a third set of motions to compel further responses to their discovery.

In August 2022, Rodriguez paid the monetary sanctions the court had imposed in January and ordered to be paid within 30 days.

In September 2022, after a hearing, the court issued terminating sanctions based on Rodriguez's noncompliance with the January 28, 2022 order and his failure to timely pay monetary sanctions. Specifically, the court found Rodriguez's responses to two of AGI's special interrogatories, and the 10 special interrogatories at issue in each individual defendant's motion, violated the order. Rodriguez's "references to bates-stamps" in these further responses were "too broad and do not identify the responsive documents with sufficient specificity and detail as ordered by the Court . . . ." The court noted the responses cited over 900 consecutive pages of documents and failed to "provide any specific document descriptions, categories,

11

or description of the types of documents." Further, 23 of AGI's special interrogatories "were not answered at all in violation of the Court's orders."

The court similarly found Rodriguez's further responses to five of AGI's form interrogatories also cited Rodriguez's entire 959-page document production and failed to identify each document with sufficient specificity as ordered. The court noted Rodriguez's responses to two other interrogatories were incomplete because they did not fully answer each interrogatory's subparts. Similarly, the court concluded that Rodriguez's further responses to 11 of 15 RFPs failed to identify documents with sufficient specificity as required by the court's January 28, 2022, order.

Finally, the court found Rodriguez failed to properly verify his responses, in violation of the court's order. Despite the January 28, 2022 order finding his previous cut-and-pasted verifications improper, Rodriguez's February 2022 verification signatures appeared to be cut and pasted. The court explained: "First, all but one of the signatures, appear to be identical, with no variation of the letters or script. Second, while the signatures appear to be hand-signed, it is clear that the dates on each, '2/17/22,' were applied electronically. Thus, at a minimum, the signature and dates were not added to the verification page in the same manner, further suggesting that the signatures were cut and pasted, copied, and/or applied electronically, and are not original wet signatures."

Although Rodriguez disputed AGI's contention that the signatures were cut and pasted, the court noted Rodriguez had not filed a declaration "attesting to the manner in which the signatures were executed or any other basis to conclude that the

verification signatures were not cut and pasted and/or photocopied." Further, he provided "no explanation as to why the dates were electronically applied to signatures that appear handwritten. [¶] At the hearing, [Rodriguez] failed to give a clear explanation regarding these discrepancies and conceded that there was an electronic/scanning aspect to their execution."

Finally, the court noted Rodriguez paid the January 2022 sanctions seven months late.

The court determined Rodriguez had willfully disobeyed the court's orders, and less severe sanctions would not produce substantial compliance with discovery rules in the future. The court reasoned:

"The Court sees a pattern of abuse exhibited by Plaintiff in reviewing this history and current status of this matter. Plaintiff continues to argue that no further responses or clarification is needed, and all the responses are proper. At the hearing, Plaintiff improperly claims that further responses are privileged attorney work-product, and his counsel further argu[es] that it is not 'our job to spoon feed' to the Defendants Plaintiff's theory of the case. The Court finds, however, that Plaintiff has deliberately disregarded the Court's orders, unfairly deterring Defendants' ability to fully investigate, conduct additional discovery and depositions, and adequately prepare for trial currently set for November 29, 2022. [¶] The Court has given Plaintiff sufficient opportunity to be heard and comply with the multiple orders and has taken lesser steps to compel full compliance, to no avail. The Court has attempted to take an incremental approach, including conducting an Informal Discovery Conference. However, the previous chances to comply, warnings, and lesser sanctions failed to curb the abuse.

Accordingly, this Court has no reasonable option but to impose terminating sanctions in light of Plaintiff's persistent pattern and continued misuse of the discovery process and opposition to providing clear, meaningful, and understandable responses regarding his claims and contentions against the Defendants. [¶] . . . It is clear to this Court, especially by way of the oral arguments by Plaintiff's counsel at the hearing, that he is not willing to give further responses, as it is a 'waste of his client's time and money,' Defendants should just 'move on' and instead, 'pay to settle the case,' that any less severe sanction will clearly not now yield compliance or be fair to Defendants under the circumstances. [Citation.] Finally, time has run out in light of the amount of discovery outstanding and the fast approaching trial date. . . . The Court is not required to allow Plaintiff to continue his stalling tactics indefinitely."

The court granted the request for terminating sanctions, struck Rodriguez's amended complaint, and dismissed the action without prejudice. The court entered judgment in favor of defendants and against Rodriguez.

Rodriguez timely appealed.

## DISCUSSION

### I.      Applicable Legal Principles and Standard of Review

"California discovery law authorizes a range of penalties for conduct amounting to 'misuse of the discovery process.'" (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 991, quoting Code Civ. Proc., § 2023.030.) Misuse of the discovery process includes failing to respond to discovery or disobeying a court order to provide discovery. (Code Civ. Proc., § 2023.010, subds. (d), (f), (g).) "The discovery statutes evince an incremental approach to discovery sanctions, starting with monetary

14

sanctions and ending with the ultimate sanction of termination." (*Doppes*, at p. 992; see Code Civ. Proc., §§ 2030.290, subd. (c), 2030.300, subds. (d), (e), 2031.300, subd. (c), 2031.310, subds. (h) [interrogatories], (i) [RFPs].)

Code of Civil Procedure section 2023.030, subdivision (d) allows courts to "impose a terminating sanction by . . . [¶] . . . [¶] . . . dismissing the action, or any part of the action," of "any party engaging in the misuse of the discovery process." (*Id.*, § 2023.030, subds. (d)(1), (3).) Terminating sanctions are generally appropriate only where a party disobeys a court order, causing prejudice to the opposing party. (*Moofly Productions, LLC v. Favila* (2020) 46 Cal.App.5th 1, 11 (*Moofly*); *Los Defensores, Inc. v. Gomez* (2014) 223 Cal.App.4th 377, 390 (*Gomez*).) "A decision to order terminating sanctions should not be made lightly. But where a violation is willful, preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules, the trial court is justified in imposing the ultimate sanction." (*Mileikowsky v. Tenet Healthsystem* (2005) 128 Cal.App.4th 262, 279–280.)

" ' "The power to impose discovery sanctions is a broad discretion subject to reversal only for arbitrary, capricious, or whimsical action." ' [Citation.] The trial court may order a terminating sanction for discovery abuse 'after considering the totality of the circumstances: [the] conduct of the party to determine if the actions were willful; the detriment to the propounding party; and the number of formal and informal attempts to obtain the discovery.' [Citation.]" (*Gomez, supra,* 223 Cal.App.4th at p. 390.) " '[T]he question before this court is not whether the trial court should have imposed a lesser sanction;

15

rather, the question is whether the trial court abused its discretion by imposing the sanction it chose. [Citation.]' " (*Collisson & Kaplan v. Hartunian* (1994) 21 Cal.App.4th 1611, 1620 (*Collisson & Kaplan*).)

## II.    The Terminating Sanctions Were Not an Abuse of Discretion

Rodriguez contends the trial court abused its discretion in ordering terminating sanctions because he did not disobey the January 28, 2022 order and the trial court imposed the sanctions to punish him. The record does not support these contentions.

The record reflects Rodriguez's discovery abuse predated the January 28, 2022 order and continued after it was issued. Rodriguez initially failed to respond to the majority of defendants' discovery requests for 10 months. Neither defendants' pending, unopposed motions to compel, nor an informal discovery conference, prompted him to comply with his discovery obligations. Instead, Rodriguez produced initial responses only after the court compelled him to do so and assessed monetary sanctions. Even then, Rodriguez's responses to numerous requests were improper and incomplete. Rodriguez did not provide further responses until the court again compelled him to do so and imposed further sanctions. Several of these responses remained improper and violated the court's specific orders. Rodriguez also continued to verify his further responses in a manner the court expressly found improper.

Further, Rodriguez did not pay the monetary sanctions the court imposed in March 2021 or January 2022 until after motions to compel further responses were on calendar. There was ample basis for the court to reasonably conclude that Rodriguez's

16

conduct was an abuse of the discovery process that warranted terminating sanctions.

We turn to Rodriguez's specific contentions.

## A. The trial court properly found Rodriguez violated the January 28, 2022 order by failing to identify documents with specificity

In the January 28, 2022 order, the trial court instructed Rodriguez to provide further responses identifying responsive documents with sufficient specificity—either with bates numbers or descriptions, or some combination of the two—so that the documents could "be readily identified as to the specific request involved." (See Code Civ. Proc., §§ 2030.230, 2030.280, subd. (a); *Juarez v. Boy Scouts of America, Inc.* (2000) 81 Cal.App.4th 377, 387 [trial court ordered plaintiff to "identify which documents were responsive to" discovery requests; failure to comply warranted sanction], disapproved of on other grounds in *Brown v. USA Taekwondo* (2021) 11 Cal.5th 204.)

Several of Rodriguez's further responses did not make documents responsive to specific requests readily identifiable. The interrogatories and RFPs at issue requested documents supporting discrete claims in Rodriguez's complaint, including his reports about unsafe workplace conditions, his requests for accommodations, his employer's alleged false representations, and communications with the named individual defendants. In repeated boilerplate responses, Rodriguez listed pages of his document production ranging in total volume from 869 pages to 959 pages—the entirety of the production—without any further detail. By responding to each request by referencing all or almost all of the document production, Rodriguez essentially parroted his initial responses that the court found too broad for referring

17

only to generalized descriptions of documents or the "file" as a whole.

Rodriguez does not challenge the trial court's initial ruling that his nonspecific responses were deficient, and he makes no attempt to explain how listing a range of documents that encompassed all or almost all of his document production in his further responses remedied his initial noncompliance. (*Liberty Mutual Fire Ins. Co. v. LcL Administrators, Inc.* (2008) 163 Cal.App.4th 1093, 1102, 1103 (*Liberty Mutual*) [responses that cited "entire compendium" of a file as supporting documents "submitted no meaningful information" and were evasive].) We therefore disagree that he acted with substantial justification because he fully complied with the court's orders. It was reasonable for the court to conclude that Rodriguez's further responses did not comply with its order.

Rodriguez contends the trial court's ruling erroneously concluded he violated the court's January 28, 2022 order by failing to provide supplemental responses to 23 special interrogatories propounded by AGI. He argues the trial court "ignore[d]" the order after hearing, which, unlike the January 28, 2022 minute order, compelled further responses to only 10 of AGI's special interrogatories. We note that the trial court appeared to reject the argument that the party-prepared order reflected the entirety of the court's ruling, rather than the detailed minute order. However, even assuming the party-prepared order signed and filed after the hearing was intended to supplant the court's minute order issued the same day, Rodriguez still failed to comply with that order by providing insufficient responses to two of AGI's special interrogatories and 10 special

18

interrogatories for *each* individual defendant specified in the order, for the reasons explained above.

Rodriguez also failed to provide sufficient further responses to seven form interrogatories. Of these, five form interrogatories, or their subparts, requested that he identify responsive documents supporting his damages claims, documents supporting any unqualified requests for admission, and documents reflecting any communications between Rodriguez and defendants about his disability. Rodriguez's further responses to these form interrogatories cited the same ranges of bates-stamp numbers as his responses to the special interrogatories and RFPs. These responses were thus equally deficient.

Rodriguez contends the trial court erroneously found his further responses to two form interrogatories were incomplete because he answered all subparts as the court had ordered. Yet, the record provides ample basis for the court's decision to impose terminating sanctions, irrespective of his compliance as to two of several discovery requests. The discovery requests to which Rodriguez failed to adequately respond were significant. Rodriguez's causes of actions were based on allegations that defendants failed to accommodate his disability, demoted him, denied him meal and rest breaks, exposed him to unsafe working conditions, harassed him due to his race and disability, and retaliated against him. The documents defendants requested were specifically addressed to these claims. For example, the requests asked Rodriguez to identify documents supporting his contentions that defendants failed to accommodate his disability; that he was demoted; that AGI denied him meal and rest breaks; that he reported workplace injuries and unsafe working conditions; and that he was harassed until he quit. Even if the

19

trial court was mistaken as to his further responses to two form interrogatories, or in concluding that he failed to answer other special interrogatories, we could not find an abuse of discretion in the trial court's ultimate order given Rodriguez's failure to comply with the remainder of the January 28, 2022 order. (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 801 [" 'No form of civil trial error justifies reversal . . ., where in light of the entire record, there was no actual prejudice to the appealing party' "].)

Rodriguez also contends that his reference to over 800 or 900 pages in response to five RFPs was proper because the scope of the requests was very broad. With the possible exception of the two requests that asked Rodriguez to produce all documents identified in the responses to interrogatories, the trial court could reasonably reject Rodriguez's rationalization that a response to individual requests for documents supporting his claims for general damages, special damages, and punitive damages could properly be answered by simply referring to all 800 or 900 documents produced. Further, the court could reasonably conclude that such responses reflected a willful refusal to comply with the court's prior order.

**B.** **The trial court did not err in finding Rodriguez disobeyed its order regarding verifications**

At the August 2021 hearing on defendants' motion for sanctions, Rodriguez's counsel explained that counsel "affixed" Rodriguez's electronic signature to the verifications. As noted above, on January 28, 2022, the court rejected this process as improper verification. The court shared defendants' concern that the cut-and-paste method counsel had employed failed to establish that Rodriguez knowingly verified the discovery

20

responses in this case. Although the court indicated to counsel that it would not accept this practice, it found counsel continued to cut and paste Rodriguez's signature in the verifications to the February 2022 discovery responses. Further, counsel did not file a declaration or otherwise confirm that Rodriguez was in fact personally reviewing and verifying each discovery response. Nor did counsel attest that Rodriguez had signed each verification with a wet-ink signature.

The Code of Civil Procedure requires the party responding to discovery to sign responses under oath unless the response contains only objections. (Code Civ. Proc., §§ 2030.250, subd. (a) [interrogatories]; 2031.250, subd. (a) [RFPs]; *Melendrez v. Superior Court* (2013) 215 Cal.App.4th 1343, 1351 ["An attorney cannot verify a response on behalf of an individual party"].) On appeal, Rodriguez does not contend that cutting and pasting a client's electronic signature was consistent with the statute. Rather, he argues insufficient evidence supported the trial court's finding that all but one of the signatures on his February 2022 verifications were cut and pasted in violation of the January 28, 2022 order. Rodriguez's contentions fail to establish an abuse of discretion.

Rodriguez first contends the trial court erroneously relied on defense counsel's attestation in a declaration that the signatures " 'appeared to have been cut and pasted.' " However, the trial court did not rely on defense counsel's representations. Instead, the court based its conclusion on its observations that all but one of the signatures were identical and the date was electronically applied. It was within the court's factfinding authority to make its own determination regarding the genuineness of handwriting based on the evidence presented.

21

(Evid. Code, § 1417; see, e.g., *Estate of Nielson* (1980) 105 Cal.App.3d 796, 801 [handwriting on a will speaks for itself, and trial court can independently determine genuineness of testator's handwriting].)

Rodriguez next argues the trial court's determination that his signature and the date were not added to the verification pages " 'in the same manner' " was irrelevant to whether he signed the verifications.  However, the court did not base its finding on a "requirement" that signatures and dates must be added to the verification page " 'in the same manner' " to be valid.  Rather, the court reasoned that the fact that the signatures were handwritten while the dates were typewritten supported its conclusion that all but one of the signatures "were cut and pasted, copied, and/or applied electronically, and are not original wet signatures."  The trial court was entitled to draw such reasonable inferences from the facts and evidence before it.  (*Healy v. Yellow Cab Co. of California* (1939) 32 Cal.App.2d 479, 481 ["It is the province of the trial court to resolve questions of fact and draw reasonable inferences from facts established"].)

We find no abuse of discretion in the trial court's determination that Rodriguez's February 2022 verifications failed to comply with the court's January 28, 2022 order.

### C.    The trial court's imposition of terminating sanctions was not punitive

Rodriguez argues the trial court abused its discretion by imposing terminating sanctions to punish him.  The record does not support his argument.

Discovery sanctions are not intended " ' " 'to provide a weapon for punishment, forfeiture and the avoidance of a trial on the merits,' " . . . but to prevent abuse of the discovery process

and correct the problem presented . . . .' Consistent with this statement of purpose the appellate courts have held '[t]he penalty should be appropriate to the dereliction, and should not exceed that which is required to protect the interests of the party entitled to but denied discovery.' " (*Parker v. Wolters Kluwer United States, Inc.* (2007) 149 Cal.App.4th 285, 301, fns. omitted.)

Here, the trial court's imposition of terminating sanctions was a proportional remedy to Rodriguez's repeated abuse of the discovery process. Rodriguez initially failed to respond to discovery at all. He subsequently ignored his discovery obligations regardless of the mechanisms defendants and the court employed to obtain his meaningful participation in the process. Defendants twice moved to compel responses from Rodriguez regarding the same sets of discovery. The trial court held an informal discovery conference and multiple hearings on defendants' motions. The court outlined in detail the deficiencies in Rodriguez's responses and verifications. It also twice imposed monetary sanctions and denied defendants' initial request for terminating sanctions. In light of Rodriguez's repeated refusals to sufficiently respond to discovery despite the court's attempts to obtain compliance, we cannot find that the imposition of terminating sanctions was excessive or merely punitive. (*Liberty Mutual*, *supra*, 163 Cal.App.4th at pp. 1105, 1106 [trial court's imposition of terminating sanctions not punitive "when prior efforts yielded no results"]; *Collisson & Kaplan*, *supra*, 21 Cal.App.4th at p. 1618 [trial court did not abuse its discretion by striking the answer where the "[d]efendants chose to ignore the many attempts, both formal and informal, made by plaintiff to secure fair responses from them"].)

Rodriguez contends the trial court's decision to impose terminating sanctions was punitive because the court previously held, in its January 25, 2022 order denying the first motion for terminating sanctions, that he had not engaged in discovery abuse. However, Rodriguez's argument ignores the context of the court's prior order. In its first motion, AGI contended terminating sanctions were warranted because Rodriguez violated the court's March 2021 order by failing to timely serve his discovery responses and by failing to properly verify the responses he eventually served. After finding AGI miscalculated the discovery deadline, and noting that AGI did not submit Rodriguez's verifications as exhibits for the court to address the verification issue, the court found AGI failed to show Rodriguez had engaged "in any additional misuse of the discovery process."

Put differently, the trial court's January 25, 2022 order focused on AGI's failure to sufficiently support its limited assertions that Rodriguez filed untimely responses and failed to properly verify them. The court's ruling did not exonerate Rodriguez but instead determined that AGI had not established its claims of *additional* discovery abuse warranting further sanctions. The court's first order denying terminating sanctions was thus not at odds with the court's later finding that Rodriguez's conduct during litigation evinced a "history" of discovery abuse warranting terminating sanctions. (*Andrus v. Estrada* (1995) 39 Cal.App.4th 1030, 1042 [court's grant of sanctions was proper because it was "based upon appellants' entire pattern of conduct over the course of the litigation"].)

Rodriguez also argues the trial court's references to his counsel's arguments at the hearing indicate that the terminating sanctions were motivated by the court's "displeasure with the

24

arguments of Appellant's counsel," and were therefore intended as punishment. We disagree. The trial court permissibly referred to Rodriguez's counsel's statements at the hearing to support its conclusions. The court noted that counsel's failure to clearly explain how the verifications were executed, and his concession that the signatures were electronically affixed by counsel, supported the court's determination that the verifications of Rodriguez's further responses were improper. Similarly, in support of its findings that Rodriguez had engaged in a pattern of discovery abuse and that lesser sanctions would be ineffective, the court noted that counsel made improper claims of privilege, indicated Rodriguez would not "do Defendants' work for them" by providing further responses, and opined that defendants should " 'pay to settle the case.' " The court could reasonably consider these assertions in assessing the likely effectiveness of lesser sanctions.

Rodriguez additionally argues the sanctions were punitive because nothing in the record established any prejudice to defendants. Not so. " ' "An important aspect of legitimate discovery from a defendant's point of view is the ascertainment, in advance of trial, of the specific components of plaintiff's case so that appropriate preparations can be made to meet them." ' [Citation.] A party cannot intelligently defend itself against affirmative defenses or damage claims when the other side's discovery responses consist of legal double-talk and provide no useful information." (*Liberty Mutual*, *supra*, 163 Cal.App.4th at p. 1105.)

Defendants filed three motions to compel over two years to ascertain the specific bases of Rodriguez's claims. Despite numerous opportunities to comply, Rodriguez failed to serve

properly verified responses sufficiently identifying the evidence he claimed supported his allegations. As a result, more than two-and-a-half years after the action commenced and only months before the trial date, defendants had been unable to obtain adequate, code-compliant discovery responses concerning allegations at the core of Rodriguez's complaint. "Prejudice is inherent in such tactics." (*Liberty Mutual*, *supra*, 163 Cal.App.4th at p. 1105 [defendant's failure to "provide an intelligible factual basis for their defenses and counterclaims" caused prejudice].)

Finally, we reject Rodriguez's contention that the trial court placed "undue emphasis" on his delays in paying court-ordered monetary sanctions, reflecting its punitive intent. It was permissible for the court to conclude that Rodriguez "repeatedly violated the Court's orders" by both failing to serve adequate discovery responses and by failing to timely pay monetary sanctions. (*Williams v. Travelers Ins. Co.* (1975) 49 Cal.App.3d 805, 810 [plaintiff's failure to pay attorney fees imposed as discovery sanctions was one example of his failure to comply with the trial court's orders].) The court also properly cited Rodriguez's failure to timely pay monetary sanctions as support for its finding that lesser sanctions would not result in future compliance. (*Moofly*, *supra*, 46 Cal.App.5th at p. 12 [plaintiff's failure to pay monetary sanctions supported finding that alternative sanctions had no effect on discovery abuse].) Rodriguez has failed to show any abuse of discretion.

26

## DISPOSITION

The trial court's judgment is affirmed.  Respondents to recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



ADAMS, J.


We concur:



EDMON, P. J.



BERSHON, J.*

---

*       Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.